**Anita Louise HESS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. CV 76–1057–R.

United States District Court, C. D. California.

April 15, 1976.

Michael C. Solner, Asst. U.S. Atty., Los Angeles, Cal., was assigned to represent the United States.

Jay Jaffe, Los Angeles, Cal., was retained by Miss Hess.

## OPINION

REAL, District Judge.

Petitioner complains of the imposition of a special parole term when sentence is pronounced invoking the provisions of the Federal Youth Corrections Act.

The claimed illegality is the imposition of the special parole term required by 21 U.S.C. § 841(b)(1)(A) which provides in pertinent part:

". . . [A]ny sentence imposing a term of imprisonment under this paragraph shall . . . impose a special parole term of at least 3 years in addition to such term of imprisonment . . '."

Petitioner was sentenced for violation of 21 U.S.C. 841(a) the offense to which the special parole term is addressed. The Court in sentencing the petitioner opted for commitment pursuant to the terms of 18 U.S.C. § 5010(b) [Youth Corrections Act] which provides in part:

"(b) If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under applicable provisions of law other than this subsection, the court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision . . . until discharged . ."

Petitioner's claim of invalidity comes to the Court as one of necessarily reconciling a seeming conflict between the special parole provisions of 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 5010(b). Any attempted reconciliation should preserve—if possible—the beneficial rehabilitative aspects of both sections, particularly when dealing with drug offenses.

A reading of § 5010(b) makes clear that it does not create the *penalty* for the offense upon which petitioner now stands convicted. A § 5010(b) *commitment* is "in lieu of the *penalty of imprisonment.*" (emphasis added). Such a reading reconciles the *imprisonment* provision of 21 U.S.C. § 841(b)(1)(A) by substituting § 5010(b) as the *commitment* in lieu thereof. This leaves the supervisory aspects of the special parole term unaffected.

The Court opts for such a reconciliation and consequently the motion is denied.